UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO GARCIA,<br><br>       Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>       Defendant. | **1:22-cv-00213-GSA-PC**<br><br>**ORDER ADDRESSING PLAINTIFF'S MOTION TO AMEND**<br>**(ECF No. 5.)**<br><br>**ORDER INFORMING PLAINTIFF HE HAS LEAVE TO AMEND THE COMPLAINT ONCE AS A MATTER OF COURSE**<br><br>**THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT**<br><br>**ORDER FOR CLERK TO SEND COMPLAINT FORM TO PLAINTIFF** |

**I.  BACKGROUND**

Francisco Garcia ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971).  Plaintiff filed the Complaint commencing this action on February 18, 2022.  (ECF No. 1.)  On March 7, 2022, Plaintiff filed a motion to amend the Complaint.  (ECF No. 5.)

**II.     MOTION TO AMEND – FED. R. CIV. P. 15(a)**

Plaintiff requests to amend his Complaint to substitute "United States of America" for "R. Paltenghi" and Hanson Medical Staff at USP Atwater. (ECF No. 5.) To the extent that Plaintiff wishes to change the Complaint by adding information to the Complaint after it has been filed, Plaintiff may not amend the Complaint in this manner. Under Local Rule 220,[1] Plaintiff may not amend the Complaint by adding information to it piecemeal after it has been filed. To add information or correct an error in the Complaint, Plaintiff must file a new First Amended Complaint which is complete within itself.

Plaintiff may file an amended complaint at this stage of the proceedings without leave of court. Under Rule 15(a) of the Federal Rule of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Here, because Plaintiff has not previously amended the Complaint and no responsive pleading has been served in this action, Plaintiff has leave to file an amended complaint as a matter of course. Plaintiff shall be granted thirty days in which to file a First Amended Complaint, making the needed changes.

Plaintiff must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 36 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

---

[1] Local Rule 220 provides, in part:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff should note that although he has the opportunity to amend, it is not for the purpose of adding allegations of events occurring after February 19, 2022, the date the initial Complaint was filed. Also, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

The First Amended Complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

**III.  CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend, filed on March 7, 2022, is RESOLVED;
2. Plaintiff is advised that he may not add information to the Complaint by adding information piecemeal to the Complaint after the Complaint has been filed;
3. Plaintiff is informed that he has leave to amend the Complaint once as a matter of course;
4. Plaintiff is granted thirty (30) days from the date of service of this order, in which to file a First Amended Complaint as instructed by this order, using the court's form;
5. The First Amended Complaint should be clearly and boldly titled "First Amended Complaint," refer to case number 1:22-cv-00213-GSA-PC, and be an original signed under penalty of perjury;

///

6. The Clerk of Court shall send one § 1983 civil rights complaint form to Plaintiff; and

7. Plaintiff is warned that the failure to comply with this order may result in the dismissal of this action for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **March 15, 2022**                              **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE