1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                            FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11  FRANCISCO GARCIA,                          No. 1:22-cv-00213 GSA (PC)

12                 Plaintiff,                  ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
13         v.
                                               ORDER RECOMMENDING DISMISSAL
14  UNITED STATES OF AMERICA,                  WITHOUT PREJUDICE FOR FAILURE TO
                                               PROSECUTE
15                 Defendant.
                                               (ECF No. 9)
16

17
        Plaintiff, a federal inmate proceeding pro se and in forma pauperis, has filed this civil
18
rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States
19
Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.
20
        For the reasons stated below, the undersigned will recommend that this matter be
21
dismissed for failure to prosecute.  Moreover, given that no current address exists for Plaintiff,
22
and no Defendant has yet been served, a period to file objections to this order will not be given.
23
        I.      RELEVANT FACTS
24
        On March 30, 2022, Plaintiff filed an amended complaint.  ECF No. 8.  Thereafter, on
25
July 25, 2024, given the amount of time that had passed since the matter was filed, in a minute
26
order, the Court directed Plaintiff to file a notice of current address with the Court and to do so
27
within seven days.  ECF No. 9.
28
                                                  1

Approximately six weeks later, on September 13, 2024, the Court's order was returned to the Court marked "Undeliverable." As a result, Plaintiff had sixty-three days[1] – or until November 15, 2024 – to file a notice of change of address with the Court. To date, Plaintiff has not done so, nor has he filed an extension of time to do so.

## II.    APPLICABLE LAW

### A. Federal Rule of Civil Procedure 41(b) and Local Rules 110, 182(f) and 183(b)

Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails to prosecute or he fails to comply with a court order. See Fed. R. Civ. P. 41(b). Local Rule 110 also permits the imposition of sanctions when a party fails to comply with a court order. L.R. 110.

Local Rule 182(f) permits service to be effective service at a prior address if a party fails to notify the Court and other parties of his address change. Id. Finally, Local Rule 183(b) gives a party who appears in propria persona a period of time to file a notice of change of address if some of his mail is returned to the Court. Id.

### B. Malone Factors

The Ninth Circuit has clearly identified the factors to consider when dismissing a case for failure to comply with a court order. It writes:

> A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

## III.    DISCUSSION

---

[1] In 2024, the period parties had to file a notice change of address after mail from the Court had been returned to it was sixty-three days. See Local Rule 183(b) (E.D. Cal. 2009). In 2025, the period is now thirty days.

A. <u>Rule 41(b) and Local Rules 110, 182(f) and 183(f) Support Dismissal of This Case</u>

Although the docket indicates that Plaintiff's copy of the order directing him to file a notice of current address with the Court was returned, Plaintiff was properly served. It is a plaintiff's responsibility to keep a court apprised of his current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective. Furthermore, the fact that Plaintiff failed to file a notice of change of address with the Court – either on his own or as ordered – warrants the dismissal of this matter, in accord with Rule 41(b) and Local Rules 110 and 183(b).

B. <u>Application of Malone Factors Supports the Dismissal of This Case</u>

1. <u>Expeditious Resolution of Litigation; Court's Need to Manage Its Docket</u>

Plaintiff has been given more than ample time to file a notice of change of address as well as to respond to the Court's order that specifically directed him to file one. Yet, he has failed to do either, nor has he contacted the Court to provide an exceptional reason for not having done so.

The Eastern District Court has an unusually large caseload.[2]  "[T]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of frivolous and repetitious requests." <u>Whitaker v. Superior Court of San Francisco</u>, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted). Thus, it follows that keeping this case on the Court's docket when Plaintiff has not attempted to file a notice of current address with the Court, even after having been given an opportunity to do so, is not a good use of the Court's already taxed resources. Indeed, keeping this matter on the Court's docket would stall a quicker disposition of this case. Additionally, in fairness to the many other litigants who

---

[2] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. <u>See</u> Office of the Clerk, United States District Court, Eastern District of California, <u>2024 Annual Report</u>, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. <u>See</u> <u>generally id.</u> (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

3

currently have cases before the Court, no additional time should be spent on this matter.

### 2. Risk of Prejudice to Defendants

Furthermore, because viable Defendants have yet to be identified and served in this case, they have not put time and effort into defending against it. As a result, there will be no prejudice to them if the matter is dismissed. On the contrary, dismissal will benefit any potentially viable Defendants because they will not have to defend themselves against Plaintiff's complaint.

### 3. Availability of Less Drastic Sanctions; Favored Disposition of Cases on Merits

Finally, given that this case has existed on the Court's docket for almost seven months since its order directing Plaintiff to file a notice of current address with the Court issued, without Plaintiff's notice, there is no less drastic option than dismissal. Although the disposition of cases on their merits is preferred, this matter cannot be prosecuted without a current address for Plaintiff, nor can it be disposed of on its merits.

## IV. CONCLUSION

For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rules 110, 182(f) and 183(b), and having considered the Malone factors, the undersigned recommends that this matter be dismissed without prejudice for failure to prosecute. Because Plaintiff cannot be located, and because no viable Defendants have been identified and served, no period of time to file objections will be recommended.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this matter.

IT IS FURTHER RECOMMENDED that this matter be DISMISSED for failure to prosecute. See Fed. R. Civ. P. 41(b); Local Rule 183(b).

IT IS SO ORDERED.

Dated:  **February 25, 2025**                    **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE

4